Richard Donald GILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44888.

Court of Criminal Appeals of Texas.

April 19, 1972.

---

1. Manual Enterprises v. Day, 370 U.S. 478, 488, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962).

Walter L. Knapp, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Kerry Knorpp, F. G. Shackelford, Asst. Dist. Attys., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. Punishment was assessed by the jury at twenty-five years.

The record reflects that Mrs. Billie Mae Daniel identified appellant as the person who, on April 16, 1970, entered the Toot 'n Totum Store No. 21, in Amarillo, where she was employed, exhibited a pistol and said, "This is a stick-up." Witness Daniel further testified, as a result of appellant's actions, she was placed in fear of life and bodily injury and gave appellant $82.70 out of the store's cash drawer.

At the outset, appellant contends that the court erred in "permitting a line of questioning regarding the injured party's trip to the Amarillo Police Station to look for the picture of the person who robbed her."

There is no complaint that the in-court identification of appellant, by Mrs. Daniel, was prompted or suggested by any picture seen at the station. On the contrary, appellant urges the only reason this line of questioning was pursued by the State was to impress upon the jurors that appellant had a police record. Appellant relies on Priest v. State, 162 Tex.Cr.R. 66, 282 S.W.2d 390. In Priest, the injured party, upon being asked if police showed him anything when he made the report, answered, "Mr. Lord (policeman) showed me a file of known pickpockets;" and further, "Officer Lord showed me the police files on Margaret Priest (appellant) and I identified a picture of her." In addition, the witness was asked if he examined a number of photographs in the presence of Officer Lord. The State argued to the jury, "After talking there to T. T. Lord (policeman) he learned the true identity of Margaret Priest." This Court said the argument and inquiries by the State implied that the appellant was a known pick-pocket and notwithstanding the court's rulings and instructions, the jury could not wholly disregard same. This Court further noted that the effect of these matters on the jury was evidenced by the maximum penalty being assessed.

In the instant case, Mrs. Daniel testified she went to the police station the day following the robbery to look at some pictures, and upon being asked "Did you pick a photo of the person that you said did it?", an objection to the question was made and sustained. The witness further testified she saw seventy-five pictures and an objection to this testimony was sustained. The affirmative answer of the witness to a question about Exhibit One being the picture she picked out at the police station was not objected to. An objection to the introduction of the picture was sustained. Unlike the Priest case, there is an absence of any showing that the picture

came from pictures of known violators of any law and there was no argument that implied that the witness learned of appellant's criminal activity at the police station.

We perceive no error.

■ Appellant contends the trial court was in error in admitting hearsay statements made at the police station. The only objection made by appellant was to the testimony of Officer Bartlett, "When she found this picture she says, 'Here he is; here is the man who robbed me.' " An objection to this testimony that it was hearsay was sustained and appellant's request that the jury not consider same was granted. Appellant contends that the court should have granted a mistrial. Since no motion for mistrial was made, the appellant is in no position to complain. Mahaffey v. State, Tex.Cr.App., 471 S.W.2d 801; Hoover v. State, Tex.Cr.App., 449 S.W.2d 60. Appellant cites the court to the testimony of Officer Bartlett generally as being in violation of the hearsay rule. If there were other hearsay statements in the testimony of Officer Bartlett, appellant's failure to object to the same precludes review by this Court. Grant v. State, Tex. Cr.App., 472 S.W.2d 531; Verret v. State, Tex.Cr.App., 470 S.W.2d 883.

■ Appellant contends that the court should have granted a mistrial when the State offered a picture into evidence as the one picked out by Mrs. Daniel at the police station.

An objection to the introduction of the picture was sustained. No further relief was requested and nothing is presented for review. Grant v. State, supra; Verret v. State, supra.

■ The appellant contends that the court erred in overruling his objection to the testimony regarding description of the robber given at the police station out of the presence and hearing of appellant.

Officer Bartlett testified that Mrs. Daniel gave him a description of the robber and that it was basically the same description she had given the night before other than the addition that the robber's skin was rough and she couldn't determine whether or not it was pimples, scars, or what the roughness was.

In Ramos v. State, 141 Tex.Cr.R. 126, 147 S.W.2d 809, it was said: "The State could not bolster up the testimony of the prosecutrix . . . by what she said to the officers, unless the defendant had first shown that she made statements after the alleged occurrence at variance with her testimony relative to the identification of appellant." On direct examination, Mrs. Daniel had testified that she told Officer Bartlett the next day (following the robbery) that the robber had a rough face. On cross-examination of Mrs. Daniel, the following occurred:

"Q Right now I am asking you, did you tell the police anything else about the description of this man other than what you just told us?"

The witness (Mrs. Daniel): "Well, that was at the time. No, sir, had medium complexion, I said, too.

"Q What?

"A Medium complexion.

"Q Medium complexion.

"A Yes sir."

The appellant, having shown that Mrs. Daniel had given a description at the time in question at variance with the one given the officer the next day, brings this testimony within the exception set forth in Ramos v. State, supra.

No error is shown.

■ The appellant contends that the court erred in not declaring a mistrial when the State asked appellant's alibi witness if he had been convicted of a misdemeanor involving moral turpitude.

The record reflects that after the witness Potts had testified that he had been

convicted of aggravated assault in response to State's question, ". . . have you ever been convicted of a misdemeanor involving moral turpitude?", (Objection to question had been overruled by court), an objection was made to the admission of the answer; it was sustained, the jury was instructed to disregard the same and the court ordered it stricken from the record all in accordance with appellant's requests. No motion for mistrial was made by appellant and nothing is presented for review. Mahaffey v. State, supra; Hoover v. State, supra.

■ Appellant contends that the court erred in refusing to grant his motion in limine to prohibit the State from attempting to impeach appellant should he take the stand in his own behalf.

Appellant's motion in limine alleged that he had been previously convicted of a felony and that such conviction was void in that he did not have counsel when probation growing out of such conviction was revoked.

Appellant relies on Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. In Walling v. State, Tex.Cr.App., 437 S.W.2d 563, this Court said: "We have only recently held that for one to secure a favorable ruling under Burgett v. Texas . . . ., it is necessary that a showing of indigency be made. Johnson v. State, Tex.Cr.App., 432 S.W.2d 98." See also Martinez v. State, 469 S.W.2d 185; Martin v. State, Tex.Cr.App., 463 S.W.2d 449. The appellant testified at the punishment phase of the trial that he did not have an attorney when his probation was revoked, but no showing of indigency was made. Further, he does not claim that he had counsel and was deprived of his services.

No error is shown.

■ In his next two contentions, appellant complains of the court's failure to admit certain testimony of appellant's witness Durham relative to seeing another person who looked like appellant and in refusing to allow appellant to argue such testimony.

An acquaintance of appellant, Mary Judy Durham, testified she was in "Micky Finns Bar" sometime after appellant was arrested when, "There was a guy, was, looked like Rickie (appellant) or younger, and would pass for him, walked in. . . . . . . " An objection to this testimony was sustained.

Appellant urges that this testimony was important to his defense of alibi.

We perceive no error in the court refusing to allow testimony of a witness that she saw a person who looked like appellant at some indefinite date after appellant's arrest where there was no evidence connecting such person with the offense. The court having sustained the objection to the testimony, argument regarding same was properly disallowed.

■ Appellant contends the court erred in refusing to grant a new trial because of jury misconduct.

An affidavit by juror Slay attached to appellant's motion for new trial reflects that, on the first vote at the punishment phase of the trial, the range of punishment voted for was from five years to life; that there was discussion that if appellant were a model prisoner he would be released in ten years and that he was persuaded to vote for twenty-five years with the understanding that appellant would be released in ten years.

Juror Slay's affidavit does not reflect whether the discussion influenced him to vote for a higher or lower penalty.

There is no showing in the affidavit that a juror professed to know the parole law and made a misstatement of same. Johnson v. State, Tex.Cr.App., 418 S.W.2d 834. See also Jones v. State, Tex.Cr.App., 462 S.W.2d 578. We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.