**Ex parte Richard D. GILL.**

**No. 48235.**

Court of Criminal Appeals of Texas.

May 15, 1974.

James E. Maggard, Jr., Rosharon, Texas, for petitioner.

Tom Curtis, Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an application for writ of habeas corpus by an inmate of the Department of Corrections. Petitioner was convicted in the 108th District Court of Potter County

on July 23, 1970, for the offense of robbery by assault, in Cause No. 14731.[1] Petitioner's conviction in Cause No. 10980 in the 47th District Court of Potter County on February 16, 1961, for the offense of robbery by assault in which an eight year probated sentence was assessed was introduced at the punishment stage of the trial as was the revocation proceeding in said cause in which probation was revoked and petitioner was sentenced to eight years in the penitentiary.

Under Article 11.07, Vernon's Ann.C.C. P., and in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, petitioner applied for writ of habeas corpus to the trial court, alleging that the probation revocation proceeding introduced at the punishment stage of the trial was void in that he did not have counsel, was indigent, and did not waive counsel at such proceeding.

A hearing was held before the Honorable Ed Nobles, Judge of the 108th District Court, and findings were entered:

(1) That petitioner's conviction and subsequent probation revocation in Cause No. 10980 were introduced in the trial of Cause No. 14731;

(2) That petitioner was not represented by counsel at the probation revocation hearing, did not waive counsel and was indigent at the time of revocation proceeding.

In its conclusions of law, the trial court found that petitioner's conviction in Cause No. 10980 should not have been introduced in the trial of Cause No. 14731.

In Ex parte Shivers, Tex.Cr.App., 501 S.W.2d 898, this court held that the decision in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)[2] was not applicable to Texas revocation proceedings[3] and did not affect the previous holdings of this court that revocation of probation and imposition of sentence (which had been deferred following conviction) were invalid where indigent probationer had not been represented by counsel at revocation hearing and had not waived counsel.

■ In the instant case, the revocation proceeding was invalid and the same should not have been admitted in the trial of Cause No. 14731. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In Ex parte Olvera, Tex.Cr. App., 489 S.W.2d 586, this court noted that Burgett "has been consistently applied retroactively by this court."

■ We have reviewed the record in Cause No. 14731, which is before us as a result of direct appeal to this court. Gill v. State, Tex.Cr.App., 479 S.W.2d 289. It reflects that no objection was voiced to the introduction of State's Exhibit No. 3 at the punishment stage of the trial which included the judgment granting probation, revocation judgment and sentence. In fact, petitioner took the stand at the punishment stage and testified before the jury on direct examination that he had been convicted in the cause in question and granted probation, which was ultimately revoked. He further testified that he did not have counsel at the revocation proceeding, but no testimony was elicited as to indigency

1. See Gill v. State, Tex.Cr.App., 479 S.W. 2d 289, in which this court affirmed the conviction upon petitioner's direct appeal.

2. In Gagnon v. Scarpelli, supra, the Supreme Court noted that probationer had been sentenced at the time of trial of the primary offense and held that the body conducting the hearing at revocation should decide in each individual case whether due process requires that an indigent probationer be represented by counsel.

3. In Ex parte Shivers, supra, this court noted that Article 42.12, Section 3, V.A.C.C.P., provides that where probation is granted the court shall have power "to suspend the imposition of the sentence . . . " and thus, any revocation of probation comes before the imposition of sentence and before the end of the criminal prosecution. In addition, it was noted that Article 42.12, Section 3b, V.A. C.C.P., had been interpreted as requiring the assistance of counsel for an indigent probationer at a revocation hearing.

or waiver of counsel. Petitioner did, however, file a motion in limine requesting the court to instruct the State not to ask any witnesses about any time petitioner spent in the penitentiary and not to ask petitioner, if he takes the stand, any questions regarding any time served or prior convictions "since said conviction was void because the Defendant did not have counsel when probation was revoked as was stated and proven in Defendant's Motion to Quash Indictment in this cause.[4]"

Petitioner's motion in limine does not reflect that it was ever brought to the attention of the court nor do we find that any testimony was offered in support of same. A notation on the docket sheet does, however, reflect "defendant's motions in limine overruled." (The record reflects that at least one other motion in limine was filed by petitioner.[5])

This court has held that the fact that the court has granted defendant's motion in limine prior to trial requesting exclusion of evidence generally does not preserve error without objection being made during trial. Whatley v. State, Tex.Cr.App., 488 S.W.2d 422; Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130. In the instant case, unlike the foregoing cited cases, it would appear that petitioner's motion in limine was overruled.

We hold that petitioner's failure to object when the complained of Exhibit No. 3 was offered into evidence constitutes a waiver of the claimed rights.

We find no merit in petitioner's argument that he was prevented from testifying at the guilt stage of the trial as a result of the court overruling his motion in limine. The record does not reflect what petitioner's testimony would have been in the event he had testified.

Petitioner's application for writ of habeas corpus is denied.

Opinion approved by the Court.

4. The docket sheet reflects that the State withdrew enhancement portion of indictment which alleged the conviction, probation and revocation in Cause No. 10980. The record does not reflect that any hearing was held on the motion to quash.

5. On direct appeal, petitioner contended that the trial court erred in refusing to grant his motion in limine. Gill v. State, supra. This court rejected the contention, noting that no showing of indigency was made and held that for one to secure a favorable ruling under Burgett v. Texas, supra, it is necessary that a showing of indigency be made.