**Richard Donald GILL,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 75–1416.**

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1977.

Donald A. Smyth, Staff Counsel for Inmates, Texas Dept. of Corr., Brazoria, Tex., for petitioner-appellant.

Jack B. Boone, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion April 28, 1976, 5 Cir. 1976, 530 F.2d 1152)

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is a petition for rehearing and rehearing en banc filed by the State of Texas. As one ground for its petition, the State contends that the panel erred in relying on *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), for determining the instant probation revocation proceeding to be invalid. Instead, the State asserts that *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and not *Mempa,* should control. Specific attention is directed to this statement in the panel decision:

> Constitutional law clearly requires that counsel be afforded to a defendant in a probation revocation proceeding.

*Gill v. Estelle,* 530 F.2d 1152, 1153 (5th Cir. 1976). We grant the petition for rehearing limited only to addressing the above argument made by the State. Otherwise the decision of the panel remains unaltered. *Gill v. Estelle, supra.*

The question here is whether Gill was entitled to be represented by counsel at his probation revocation proceeding. If so, the instant proceeding would be unconstitutional since Gill had no counsel to represent him when probation was revoked. *Mempa v. Rhay* mandates that counsel be provided an indigent at a combined revocation of probation/sentencing proceeding. There is no dispute that Gill was indigent when his probation was revoked.

The State argues that under *Gagnon v. Scarpelli, supra,* Gill would have no automatic right to counsel at the probation revocation and that *Mempa* is inapposite to the instant facts. The State further argues that this case is identical to *Gagnon* where the probationer is sentenced at the time of probation although execution of that sentence is suspended. In that situation no sentence is imposed anew when probation is revoked since the sentence was first imposed at the time probation was granted.

Although the State correctly reads the prevailing law, it is mistaken that *Gagnon v. Scarpelli* should control this question. The facts in Gill's case make it identical to the problem addressed by the Supreme Court in *Mempa v. Rhay.* Although this Court's above quoted passage may be overbroad as a recital of the black letter law, it is clear, however, that the Constitution would require that Gill be provided with counsel at the revocation proceedings under the facts of this case. We hold, therefore, that Gill's revocation of probation proceeding was constitutionally invalid. Our reasoning follows.

In *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Supreme Court held that counsel must be provided a defendant at a combined revocation of probation/sentencing hearing. The sentence in *Mempa* was imposed at the time of the

probation revocation and not when probation was first granted. *See Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). The Court stated that counsel must be provided "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." 389 U.S. at 134, 88 S.Ct. at 257.

Six years later in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court defined the limits of *Mempa.* The issue in *Gagnon* was whether a probationer was entitled to a hearing at the time of revocation and if so, whether counsel must be provided at that hearing. The Court held that hearings along the lines established for parolees in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), must be accorded a probationer. Counsel at these hearings, the Court held, is not an absolute right. Instead the right to counsel would be determined on a case-by-case basis. Importantly the Court recognized the difference with *Mempa.*

> [Under *Mempa*] counsel must be provided an indigent at sentencing even when it is accomplished as part of a subsequent probation revocation proceeding. But this line of reasoning does not require a hearing or counsel at the time of probation revocation in a case such as the present one, *where the probationer was sentenced at the time of trial.*

411 U.S. at 781, 93 S.Ct. at 1759 (emphasis added).

The State argues that *Gagnon,* and not *Mempa,* controls. We disagree. The statement from the panel opinion, quoted above, although perhaps stating the law too broadly is correct under the facts of the instant case. We find it unnecessary at this time to determine whether Texas has decided to go beyond the constitutional prescriptions of *Gagnon* and apply the *Mempa* right to counsel in *all* revocation of probation proceedings. The pre-*Gagnon* case of *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr.App.1970), indicates this although the more recent decision in *Ex parte Shivers,* 501 S.W.2d 898

(Tex.Cr.App.1974), upon a close reading, indicates otherwise. On the record before us we believe Gill's revocation of probation proceeding falls into the category of cases recognized in *Mempa.*

At the time of Gill's revocation proceeding in 1962, Texas statutory law allowed a sentencing court to either suspend the imposition of sentence, or impose sentence and then suspend execution of the sentence. Tex.Code Crim.Pro. art. 781d. "Where the execution of the sentence was suspended under such procedure, the sentence was actually pronounced and imposed." *Ex parte Shivers, supra,* 501 S.W.2d at 901 n.2. Under this law, and applying *Mempa,* the Texas courts held that where imposition of sentence was suspended and probationer was later sentenced at the time of the revocation, counsel must be provided when the probation was revoked. *See, e. g., Ex parte Jentsch,* 510 S.W.2d 320 (Tex.Cr.App.1974); *Crawford v. State,* 435 S.W.2d 148 (Tex.Cr.App.1968); *Ex parte Williams,* 414 S.W.2d 472 (Tex.Cr.App.1967). *See also McConnell v. Rhay,* 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Under current Texas law, the courts will only be able to suspend imposition of the sentence when probation is granted. Tex.Code Crim.Pro. art. 42.12(3). *See Teel v. State,* 432 S.W.2d 911 (Tex.Cr.App.1968); *Ex parte Williams, supra.* The courts' option for an alternative method has now been eliminated.

The State of Texas has supplied this Court with copies of the documents granting Gill's 1961 probation and the 1962 order revoking that probation. It is the State's position that these documents indicate that Gill was actually sentenced at the time of his guilty plea in 1961 and that the execution of that sentence was thereafter suspended. Thus, it is argued, this is a *Gagnon* situation.

Gill was represented by counsel at his plea of guilty before the state court. Thereafter the court

> ORDERED AND ADJUDGED AND DECREED that the *imposition and execution* of the sentence based upon the judg-

ment of conviction herein entered against said defendant in this cause be and the same is hereby suspended, and the said defendant is hereby placed on probation for the full number of years of his sentence to wit: Eight years . . . .

Upon violation of his conditions of probation, Gill was brought before the court in October 1962. The court's order revoking probation and sentencing indicates that Gill's sentence was first imposed at that time.

And the defendant having waived time for appeal and agreed to accept sentence, he *is here now sentenced to serve* not less than five years and not more than eight years in the Texas State Penitentiary.

In light of what appears to be the plain language of these documents, Gill was placed on probation without having sentence first imposed. When over a year later that probation was revoked, Gill received imposition of a sentence of imprisonment running "not less than five and not more than eight years." This was, therefore, a *Mempa v. Rhay* situation.

Two reasons further support our conclusion. First, the state sentencing court in its "Judgment Plea of Guilty Before Court" stated that Gill "shall be punished therefor by imprisonment in the penitentiary of the State of Texas for Eight (8) years . . ." This, we think, was no more than an assessment of punishment and does not overcome the plain language of the above quoted documents. The court's February 16, 1961 order granting probation supports this reading: Gill was found "guilty of the offense of Robbery by Assault by this court and that his punishment was assessed by this court at Eight years in the State Penitentiary." This conclusion of assessment of punishment—Eight years—finds further support in that at the time Gill's probation was revoked he was sentenced to serve "not less than five and not more than eight years." The judgment plea, however, refers only to a straight eight year punishment. The punishment evidence in the judgment plea of guilty is at variance with

what appears in the "Order Revoking Probation, And Sentencing." Only if no sentence had been imposed at the time of probation, in light of the differing sentence of punishment appearing with the revocation order, would the later sentence not be prohibited by Texas law. There is a long line of Texas decisions holding that where a sentence was imposed and execution of sentence suspended, then upon later revocation of probation, after expiration of that court term, the sentencing court could not alter, amend or add further conditions not part of the sentence first imposed. *See, e. g., Ex parte McCarter,* 415 S.W.2d 409 (Tex.Cr. App.1967); *Ex parte Green,* 375 S.W.2d 312 (Tex.Cr.App.1964); *Ex parte Hernandez,* 364 S.W.2d 688 (Tex.Cr.App.1963); *Ex parte Downey,* 171 Tex.Cr.R. 296, 350 S.W.2d 20 (1961); *Ex parte Minor,* 167 Tex. Cr.R. 170, 319 S.W.2d 114 (1959). The revocation of probation occurred in October 1962. The plea of guilty was accepted in February 1961. Unless no sentence was initially imposed this latter sentence would constitute an alteration or amendment of the first sentence.

Second, the state habeas corpus court in *Ex parte Gill,* 509 S.W.2d 357 (Tex.Cr.App. 1974), found that the revocation of probation proceeding, without presence of counsel for Gill, was invalid. 509 S.W.2d 358. In its opinion the court stated that an "eight year probated sentence was *assessed*" at the time of the 1961 conviction. *Id.* at 358 (emphasis added). Later it was at "the revocation proceeding in said cause in which probation was revoked and petitioner was sentenced to eight years in the penitentiary." *Id.* at 358. We are in agreement with the determination of the Texas courts.

It follows from the above that Gill was not sentenced until his probation was revoked in 1962. He was without counsel at the time and *Mempa v. Rhay* is applicable. The revocation of probation proceeding was therefore invalid.

Finally, we delete from the panel decision the following statement: "The state does

not argue otherwise." 530 F.2d at 1153. Accordingly, we adhere to our original decision in this case.

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.