Clennon LOUD, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–3042.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1977.

Kenneth Anderson, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Jack B. Boone, Douglas M. Becker, David M. Kendall, Jr., Joe B. Dibrell, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, Circuit Judge, KUNZIG, Associate Judge,* and GEE, Circuit Judge.

GEE, Circuit Judge:

Petitioner was convicted in 1970 for felony theft and was sentenced to life imprisonment under the Texas habitual offender statute.[1] The conviction was affirmed[2] and state habeas corpus relief was denied. Petitioner then filed this application for a writ in federal district court, alleging that one of the two prior convictions used to enhance his sentence resulted when probation was revoked without a hearing, without counsel, and without petitioner's knowledge or presence. The district court denied relief.[3] He asks this court to hold that the probation revocation was unconstitutional, making the conviction unavailable for enhancement and requiring that his life sentence be reformed to ten years, the maximum sentence for felony theft.[4]

---

* Associate Judge of the United States Court of Claims, sitting by designation.

1. Tex. Penal Code Ann. § 12.42(d) (1974).

2. *Loud v. State*, 499 S.W.2d 295 (Tex.Cr.App. 1973).

3. The district court did not make a finding that counsel was or was not present at petitioner's probation revocation hearing. Court records from 1960 reflected that the probationer and counsel both appeared, but probationer refuted the documentary evidence and presented testimony from the state district court clerk that in 1960 it was not customary for counsel to be appointed in probation revocation hearings unless requested and that a standard office form reflecting the appearance of counsel was not a reliable record of whether counsel did or did not appear. The district court held that *even assuming* the absence of counsel, petitioner had no constitutional right to counsel at that 1960 hearing. The judgment leaves unresolved the question of whether petitioner met his burden of overcoming the presumptive validity of the court records.

4. The Texas courts have determined that a successful challenge to a conviction relied on for enhancement mandates reformation of the life sentence rather than reversal for a new trial. *Ex parte Shivers*, 501 S.W.2d 898 (Tex.Cr.App. 1973). *But see Ex parte Flores*, 537 S.W.2d 458 (Tex.Cr.App.1976) (when a conviction resulting from uncounselled revocation of probation was improperly introduced at the punishment phase of Texas' bifurcated trial procedure, it was so prejudicial, as reflected by the 250-year sentence imposed for sale of heroin, that a new trial had to be granted).

Other Texas cases suggest imposing the maximum sentence for the offense where the other prior conviction relied on to enhance was for a similar offense and may properly be considered in assessing punishment. *See Ex parte Scott*, 485 S.W.2d 921 (Tex.Cr.App.1972), and cases cited therein. The maximum sentence for felony theft in Texas is ten years.

Petitioner argues that because of the nature of Texas probation revocation hearings counsel is constitutionally required by *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The State of Texas believes the probation revocation proceeding to be so important that it requires counsel at all such hearings effective January 1, 1966.[5] But we are asked to examine a probation revocation that occurred in 1960 before Texas required the appointment of counsel,[6] and it is not clear that *Mempa v. Rhay's* absolute right to counsel applies. The state argues that in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court distinguished the *combined* revocation and sentencing proceeding at issue in *Mempa v. Rhay* and refused to recognize this absolute right to counsel in probation revocation hearings which do not involve sentencing, suggesting instead a case-by-case determination of the probationer's need for the assistance of counsel.[7] Because the instant revocation hearing in 1960 did not include the imposition of sentence, the state argues that *Gag-*

*non v. Scarpelli* controls rather than *Mempa v. Rhay*.

■ Petitioner does not dispute that when he was convicted in 1959 his sentence was imposed and the execution of sentence suspended, so that at the time probation was revoked in January 1960, the revocation proceeding did *not* include the imposition of sentence.[8] Petitioner's probation revocation hearing in 1960 thus more closely resembled the simple procedure in *Gagnon v. Scarpelli* than the combined revocation-sentencing procedure in *Mempa v. Rhay*. Our court has recently examined the Texas revocation proceedings on a motion for rehearing in *Gill v. Estelle*, 544 F.2d 1336 (1977). There we noted that in granting probation today Texas courts *must* defer sentencing until the probation revocation hearing at which counsel is required. Tex. Code Crim.Proc.Ann. art. 42.12 § 3 (1966). But prior to 1966, a Texas court could either impose sentence and then suspend execution of that sentence to grant

---

**5.** Tex. Code Crim.Proc.Ann. art. 42.12 (1966).

**6.** The Texas courts have held that the statute requiring counsel to be appointed at probation revocation hearings is not retroactive. *Ex Parte Williams*, 414 S.W.2d 472 (Tex.Cr.App. 1967).

**7.** The Court reasoned that the revocation of probation, like the revocation of parole discussed in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), is not a stage of a criminal prosecution even though it may result in a loss of liberty. To protect the probationer's liberty interests certain process is due: written notice of the alleged violation, an opportunity to appear and present evidence and cross-examine adverse witnesses, a neutral hearing body and a written statement of the reasons for the revocation. *See Morrissey v. Brewer, supra*, at 489, 92 S.Ct. 2593. There is, however, no constitutional duty to provide counsel for indigents in *all* probation and parole revocation hearings. Considerable discretion is left to the responsible state agency to consider whether the petitioner requesting counsel has a colorable claim that he has not violated the conditions of probation, or that there are mitigating circumstances why probation should not be revoked even in view of a violation, and whether the probationer appears to be capable of effectively speaking for himself. *Mempa v. Rhay*, involving a joint sentencing and probation revocation proceeding,

was distinguished as simply a variation of the familiar principle that *sentencing* is a critical stage of a criminal proceeding at which counsel always must be present.

**8.** The judgment of conviction in 1959 reads: ". . . THIS DAY this cause being again called, the State appeared by her Criminal District Attorney, and the Defendant, Clennon Loud was brought into open Court in person, in charge of the Sheriff, *for the purpose of having sentence of the law pronounced* in accordance with the judgment herein rendered and entered against him on a former day of this term; and thereupon *the said Defendant, was asked by the Court whether he had anything to say why sentence should not be pronounced against him*, and he answered nothing in bar thereof, whereupon the Court proceeded, in the presence of the said Defendant, *to pronounce sentence* against him, as follows: "IT IS THE ORDER OF THE COURT . . that the ends of the justice and the best interests of the public, as well as the Defendant, will be subserved by the *suspension of the execution of the sentence* herein and placing the Defendant on probation. "It is, therefore, ordered, adjudged, and decreed by the court that the *execution of sentence* herein be and the same is hereby suspended . . . ." (emphasis added).

probation or could defer imposition of that sentence. In the former instance no counsel would be required constitutionally, but in the latter example a probationer would have an absolute right to counsel at the deferred sentencing proceeding. On the motion for rehearing this court examined the language of the judgment in Gill's conviction to determine that the sentencing court had suspended sentence when probation was granted, necessitating a joint revocation-sentencing proceeding at the time probation was revoked. Therefore in *Gill v. Estelle* we held that *Mempa v. Rhay* controlled because sentence was imposed at the combined proceeding.

Petitioner does not rely on *Gill v. Estelle* because he cannot;[9] no sentence was imposed when his probation was revoked in 1960. Rather he asks this court to invalidate *all* counselless probation revocation hearings in Texas because the Texas courts have ruled that *Mempa v. Rhay* governs the state's revocation hearings whether or not they include sentencing.[10]

■ Texas courts may ignore *Scarpelli* and require counsel beyond the dictates of the Sixth Amendment. But in acting upon this application for habeas corpus we may not grant relief unless there has been a constitutional infraction, and according to *Gagnon v. Scarpelli* the Constitution does not require the state to provide counsel to petitioner at a probation revocation hearing which merely removes the suspension of a previously imposed sentence, absent some colorable claim that probationer did not commit the violations or that special circumstances exist to mitigate the penalty of revocation.

■ Petitioner argues that in Texas revocation hearings when the state is represented by counsel, when the rules of evidence and the exclusionary rule apply, and when appeals are permitted, counsel for probationer should be required. Counsel *is* required after 1965 by Texas statute, but we are not persuaded that the nature of these revocation proceedings in Texas today dictates imposing a retroactive per se rule that counsel should have been provided at *all* previous revocation hearings in Texas. *Gagnon v. Scarpelli* instructs us otherwise.

■ We affirm the district court's ruling that petitioner did not enjoy a constitutional right to counsel or to be present at his 1960 probation revocation hearing. Even though *Gagnon v. Scarpelli* does require that there be a revocation hearing and that probationers be present, its procedural protections, like those of *Morrissey v. Brewer*, were specifically set forth as prospective guidelines and therefore cannot govern this 1960 proceeding.

■ Finally, all attacks on the constitutionality of the 1960 revocation hearing are foreclosed by the petitioner's failure to object to the admission of the conviction at the punishment phase of his trial. The Supreme Court has just announced that failure to make timely objection to the admission of evidence at the state court trial forecloses habeas corpus review in the federal courts. *Wainwright v. Sykes*, —— U.S. ——, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). At the evidentiary hearing below petitioner testified that his attorney knew that he had not been represented by counsel at the 1960 revocation hearing but chose not to object to the admission of the enhancing conviction.[11] "If a criminal defendant thinks that

---

**9.** Petitioner's reliance on the earlier panel opinion in *Gill v. Estelle*, 530 F.2d 1152 (5th Cir. 1976), which seemed to ignore *Gagnon v. Scarpelli*, is outdated after the revision found at 544 F.2d 1336 (5th Cir. 1977).

**10.** [I]n *Ex parte Bird*, 457 S.W.2d 559 (Tex.Cr. App.1970), we concluded the fact that the execution of the sentence was suspended rather than the imposition thereof when the probationer was placed on probation under the former Code of Criminal Procedure did not call for

a different result than we reached in *Crawford v. State*, 435 S.W.2d 148 (Tex.Cr.App.1968), in light of the holding in *Mempa v. Rhay*, supra.

We adhere to our previous holdings.
*Ex parte Shivers, supra* at 901.

**11.** Q Did you tell your attorney that you had not been represented by an attorney at this probation revocation?

A My attorney was informed that I wasn't represented by counsel.

an action of the state right court is about to deprive him of a federal constitutional right, there is every reason for his following state procedure in making known the objection. —— U.S. at ——, 97 S.Ct. 2497. After *Wainwright v. Sykes*, petitioner has waived any objections he might have had to the use of the 1959 conviction to enhance his sentence.[12]

The judgment of the district court is AFFIRMED.

---

Q But, he apparently decided that he wouldn't mention that to the Court at the time?

A I guess so.

The state appellate court refused to consider the lack of counsel argument on appeal because of this failure to object. *Loud v. State, supra* at 298.

12. The Court clearly has overruled the holding in *Gill v. Estelle* that failure to object to an enhancing conviction when admitted does not

constitute a deliberate waiver. 530 F.2d at 1155.