**Joseph VALLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42280.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Rehearing Denied Jan. 14, 1970.

Charles A. Tucker, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the penalty, twelve years.

The record reflects that appellant, armed with a pistol, robbed the manager of a cleaners and laundry sub-station on Telephone Road in Houston. As appellant left and entered a waiting car, a by-stander gave chase and wrote down the license number and description of the car. It was later shown that appellant had a set of keys to the car which belonged to his girlfriend. The manager and others identified the appellant in the courtroom as the one who committed the robbery and ran from the building.

In the first ground of error, appellant contends that the trial court overruled his motion to suppress evidence as to the arrest, search and seizure. The court granted the motion and ruled that any evidence obtained through any written or oral statement or any search of appellant as a result of the arrest would be excluded. No such evidence was introduced. No error is shown. The first ground of error is overruled.

In the second ground of error complaint is made that appellant's constitutional rights were violated because of irregularities in the identification procedure. Appellant made a motion to suppress all of the evidence of any lineup and any pictures of appellant. The motion was granted. Several witnesses, without objection, identified appellant at the trial as being the robber and as the man running from the building. Some of the witnesses were

asked by appellant's counsel after the identification was made if they had seen a picture of the appellant after the trial started and they stated that they had but had previously recognized him in the courtroom. Still no objection was made to the in-court identification.

In Lucas v. State, 444 S.W.2d 638, this Court held that a timely objection to a lineup must be made at the first opportunity. In the present case no objection was made that pictures were shown to some of the witnesses who identified appellant at the trial. No effort was made to bolster the in-court identification. It was not shown that the complaining witness saw pictures after the trial began and there was sufficient evidence to show that her in-court identification of appellant was of independent origin.[1] No reversible error is shown. The second ground of error is overruled.

In the third ground of error, appellant contends that the court erred at the penalty stage of the trial in permitting the State to prove that he had been convicted of unlawfully carrying a pistol, because he had received probation, complied with its terms, and the conviction had been set aside.

Article 37.07, Vernon's Ann.C.C.P., as amended in 1967, controls. It provides in Section 3(a) for the admission of the prior criminal record of a defendant at the penalty stage of the trial and "the term prior criminal records means a final conviction in a court of record or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." The setting aside of an order of, or the expiration of the term of, probation does not prevent the court from admitting the fact that appellant had been placed on probation.

---

1. Care should be used in the showing of photographs for the purpose of identification since some of the same problems that are encountered because of lineups

will be raised. See Bowman v. State, Tex.Cr.App., 446 S.W.2d 320, and the cases therein cited.

Article 38.29, V.A.C.C.P., relied upon by appellant, provides, among other things, that a witness can be impeached with a prior conviction if the witness has been placed on probation and the period of probation has not expired. This statute is not applicable because it applies only to the impeachment of a witness. No error is shown; the third ground of error is overruled.

There being no reversible error, the judgment is affirmed.