Lloyd F. MAYS, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 74–2349

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1974.

---

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lloyd F. Mays, pro se.

John L. Hill, Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

█ The basis of Lloyd F. Mays' petition for a writ of habeas corpus is that his Texas trial court erroneously permitted the introduction of a 1960 felony conviction during the penalty stage of his 1971 bifurcated trial for the felony offense of burglary. As a result of the 1960 conviction, Mays had been placed on probation. Under Texas law, a probated sentence is not a final judgment or conviction that can be used under the Texas enhancement statute. Davis v. Estelle, 502 F.2d 523 (5th Cir. 1974); White v. Texas, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1961). *See* Article 62, Vernon's Ann. Texas Penal Code (repealed 1974). *See also* Texas Penal Code § 12.42(c) (1974), V.T.C.A.

Mays' probation was revoked on the basis of a DWI conviction some seven months after his 1960 trial. Mays con-

tends that he was not represented by counsel either at the probation revocation hearing or at the DWI trial. These facts might raise an interesting question as to whether the 1960 conviction could have been used under the Texas enhancement statute. *Compare* Davis v. Estelle, *supra, with* Gutierrez v. Estelle, 474 F.2d 899 (5th Cir. 1973). Here, however, Mays was not sentenced under the enhancement statute.

■■ The Texas enhancement statute requires that the maximum sentence be given to a second offender. In order to invoke the enhancement provisions of the Texas Penal Code, the State must allege the prior conviction in the indictment for enhancement purposes. Rounsavall v. State, 480 S.W.2d 696 (Tex.Cr. App.1972). In the case at bar, however, the State did not allege Mays' 1960 conviction in the 1971 indictment against him for burglary. The nine year sentence which the jury assessed against Mays in 1971 was well within the maximum 12 year penalty for a first offender for the crime of burglary, and not the mandatory maximum. Article 1397, Texas Penal Code (repealed 1974). Thus, the prior conviction was not used for "enhancement" at the 1971 trial, but to determine the appropriate sentence to be given within the maximum penalty allowance for a single offense.

■ Under Article 37.07(3)(a), Vernon's Ann. Texas Code of Criminal Procedure (1967), a prior conviction may be introduced at the punishment stage of a bifurcated trial to show the defendant's criminal record. Article 37.-07(3)(a) provides:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty. (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record,

or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

The Texas courts have interpreted this statute to mean that " . . . *any* probated or suspended sentence which has occurred prior to trial and whether successfully completed or not may be known to the judge or the jury assessing punishment." Glenn v. Texas, 442 S.W.2d 360, 362 (Tex.Cr.App.1969). *Accord* McLerran v. Texas, 466 S.W.2d 287 (Tex.Cr.App.1971). Under such an interpretation of Article 37.07(3)(a), it is clear that Mays' 1960 conviction was admissible at the sentencing stage of his 1971 trial for burglary, even though he had received a probated sentence and regardless of whether or not his probation had been revoked. A constitutional deficiency as to the prior parole revocation could not affect the admissibility of the 1960 conviction to establish Mays' criminal record at a sentencing of this kind.

Affirmed.