**Bobby Darrell BARNES,**
**Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Dept. of Corrections,**
**Respondent-Appellant.**

**No. 75–2189**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1975.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

183

John L. Hill, Atty. Gen., Mark Perlmutter, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Dennis Leight White, Dallas, Tex. (Court-appointed), for petitioner-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges:

PER CURIAM:

The district court granted habeas corpus relief to Barnes based upon the introduction at his sentencing of three invalid misdemeanor convictions. Finding the error harmless, we reverse.

Barnes was convicted in state court of robbery. He received a fifty year sentence, after a hearing at which evidence of the following convictions and sentences was *introduced without objection*: 1) Burglary, three years; 2) Felony theft, three years; 3) Robbery by assault, five year probation, probation revoked; 4) Two charges of driving while intoxicated, first offense, 120 days; second offense, one year; 5) Driving after his license had been suspended, 15 days; 6) Two charges of carrying a prohibited weapon, 60 days and $100 fine, respectively, and joy riding, 60 days. Barnes was represented by counsel in the cases resulting in convictions 1) through 3) and in the second case involving driving while intoxicated. Counsel was waived in the case in which he was convicted of driving after his license had

been suspended. On the basis that Barnes had not been represented by counsel in the cases involving carrying a prohibited weapon and joy riding, the district court granted habeas corpus relief ordering the State of Texas to release or resentence Barnes.

Resentencing is required whenever a sentence was based "in part upon misinformation of a constitutional magnitude." *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972). However, in *Thomas v. Savage,* 513 F.2d 536 (5th Cir. 1975), we held in a case similar to the one at bar that the introduction of an invalid conviction may be harmless error. The sentencing judge in the instant case certified to the district court that the facts of the case itself and the four valid felony convictions were sufficient to have caused him to impose the fifty year sentence without considering any of the invalid misdemeanor convictions and that the same sentence would be reimposed if he were required to resentence without their consideration. The maximum sentence possible in Barnes' case was life imprisonment. Considering the relatively insignificant nature of the invalid misdemeanors and the number and gravity of the valid offenses, the record amply supported the sentencing judge's assertion that his imposition of the fifty year sentence was not, and in no way would be, affected by the introduction of the improper sentences. The error was harmless beyond a reasonable doubt. *Thomas v. Savage,* 513 F.2d 536 (5th Cir. 1975). *See United States v. Rollerson,* 491 F.2d 1209 (5th Cir. 1974).

Barnes also contends for the first time on this appeal that his indictment was defective. We cannot decide this claim because he did not present it either to the court below or to the state courts. Relief on this claim is denied without prejudice. *See Harris v. Estelle,* 487 F.2d 1293 (5th Cir. 1974).

Finally, Barnes claims that he was subjected to an illegal search and seizure. The court below dismissed this

contention. It found that Barnes deliberately bypassed orderly procedures available to him for correction of this error by renouncing through counsel the right to appeal his case. The problem for our review is that we cannot tell whether the district court may have been under the misapprehension that it was applying a *per se* rule, i.e., every intentional waiver of a state corrective procedure bars federal habeas corpus relief. This question arises because the record reflects without further explanation that the court adopted this language of the magistrate's recommendation: "under the circumstances present in this case this issue cannot now be raised in post conviction proceedings. Although certain constitutional claims may be properly raised in some cases where no appeal has been taken, relief should be denied in those cases where the orderly appellate procedures have been deliberately bypassed."

Whether an intentional waiver or refusal to invoke state court rights bars the right to federal habeas corpus relief requires an *ad hoc* determination addressed to the sound discretion of the federal judge. The rule is that "the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). Upon remand the district court is directed to make it clear that it has evaluated Barnes' discretionary right to federal relief or, if it has not done so, it should now make such an evaluation. Certainly we could intimate no view as to what the result of the habeas judge's exercise of discretion should be. If the district court were to conclude that federal habeas consideration should not be denied to Barnes because of his conduct in the state court system, then the court must reach and decide the merits of that claim.

Reversed and remanded with directions.