Richard Donald GILL,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent-Appellee.

No. 75–1416.

United States Court of Appeals,
Fifth Circuit.

April 28, 1976.

Donald A. Smyth, Staff Counsel for Inmates, Texas Dept. of Corr., Brazoria, Tex., for petitioner-appellant.

Jack Boone, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Richard Donald Gill asserts two constitutional errors in his Texas robbery conviction in the prosecution's use of a prior conviction and an ensuing counselless probation revocation. Specifically, Gill asserts that he was effectively prevented from testifying in his own behalf because the court refused to grant a preliminary motion to prevent the state from using the prior conviction for impeachment purposes; and, he contends that the use of the counselless probation revocation during the punishment stage of his trial deprived him of due process and equal protection under the progeny of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). We reverse the district court's denial of habeas corpus relief on the ground that the probation was unconstitutionally revoked, and the use of the revocation at the punishment stage of Gill's trial violated his constitutional rights.

Gill was convicted in Texas of robbery by assault in 1961 and given a probated sentence. In 1962, his probation was revoked at a proceeding in which he was not represented by counsel. Constitutional law clearly requires that counsel be afforded to a defendant in a probation revocation proceeding. *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). *See Ex Parte Shivers*, 501 S.W.2d 898 (Tex.Cr.App.1973). This principle established in *Mempa* must be applied retroactively. *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Thus, the revocation of Gill's probation was unconstitutional. The state does not argue otherwise.

Thereafter, in 1970, Gill was again convicted of robbery by assault. This conviction and resulting 25 year sentence is under collateral attack in this proceeding.

At the 1970 trial, Gill made a motion *in limine* seeking a court order to prevent the state's use of the prior conviction for impeachment in the event that Gill testified during the guilt stage of the bifurcated trial. The motion was denied.

The district court was in error in concluding, on the magistrate's report, that the 1961 conviction would have been available for impeachment purposes regardless of the sentence. Under Texas law, if Gill had successfully completed his 1961 probated sentence, the conviction could not have been used for impeachment purposes in a Texas court. Vernon's Tex.Code of Crim.Pro. Art. 38.-29. *See, e. g., Burson v. State*, 511 S.W.2d 948, 950 (Tex.Cr.App.1974); *Nichols v. State*, 494 S.W.2d 830, 834 (Tex.Cr.App.1973); *Goad v. State*, 464 S.W.2d 129, 133 (Tex.Cr.App.1971); *Smith v. State*, 455 S.W.2d 282, 283 (Tex.

Cr.App.1970). Since the probation was unconstitutionally revoked, it could be argued that the revocation was void and Gill should be treated by Texas as if he had successfully completed his probated sentence, the original time for probation having expired. We need not decide this question, however.

■ In this case, only a motion *in limine* was denied. No reasons were given. Gill did not take the stand. The prior conviction was not used for impeachment. We do not know how the court would have ruled had Gill taken the stand and the state sought to impeach him. Gill made a decision not to take the stand so the constitutional problem never arose. In this posture, Gill's complaint does not rise to a constitutional level.

> The criminal process, like the rest of the legal system, is replete with situations requiring "the making of difficult judgments" as to which course to follow . . . .. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose. The threshold question is whether compelling the election impairs to an appreciable extent any of the policies behind the rights involved.

*McGautha v. California*, 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711, 729 (1971).

The use of the revocation of probation as evidence at the punishment stage of the trial, however, does reach constitutional proportions. The state and the district court mistakenly rely on *Gutierrez v. Estelle*, 474 F.2d 899 (5th Cir. 1973) and *Mays v. Estelle*, 505 F.2d 116 (5th Cir. 1974). *Gutierrez* involved the Texas habitual criminal statute, counselless sentencing and the prohibition against using probated sentences for mandatory sentence enhancement purposes. We have recently dealt at length with the nuances of this law *vis a vis* collateral attacks in *Davis v. Estelle*, 529 F.2d 437 (5th Cir. 1976). This case does

not involve the Texas enhancement statute, Gill's indictment having been modified either by court order or by the state prior to trial to exclude the enhancement count.

In *Mays v. Estelle* we held that a constitutional deficiency as to a probation revocation could not effect the admissibility of the conviction to establish the defendant's criminal record at the time of sentencing. The case rested on the Texas law that even a probated sentence may be used for this purpose. Vernon's Tex.Code of Crim.Pro. Art. 37.07(3)(a). Texas courts having construed this to include both successful and unsuccessful probations. *See Gaines v. State*, 479 S.W.2d 678, 679 (Tex.Cr.App.1972); *Perry v. State*, 464 S.W.2d 660, 663 (Tex.Cr. App.), *cert. denied*, 404 U.S. 953, 92 S.Ct. 324, 30 L.Ed.2d 270 (1971); *Glenn v. State*, 442 S.W.2d 360, 362 (Tex.Cr.App. 1969). Therefore, it making no difference whether the sentence was probated or unprobated, the unconstitutional revocation of probation could not cause constitutional error in considering the conviction at the punishment stage of a bifurcated trial. 505 F.2d at 118.

■ But in *Mays*, the *conviction* was used. In this case, the *probation revocation* was used and in a very telling way. The prosecutor argued to the jury that Gill had been given his chance, that he "blew" it, and that he now should be put away for a long time. Excerpts from the argument are illustrative:

> I don't think we have failed in our penal system, and I don't think we have failed Richard Don Gill; I think he failed society when he didn't make probation chance he had originally.

> He had his one chance; he blew that.

> And he went to the penitentiary and got a second chance when they let him out of there to live a good life, and he blew that.

> \*　\*　\*　\*　\*　\*

> The defendant, if you give him a long number of years as the defense

says, you are saying that the man is beyond rehabilitation.

Ladies and gentlemen, Richard Don Gill in October of '61 or '62 was placed on probation. That was his first.

He did not make probation; he was sent to the penitentiary. He got out of the penitentiary; he came back to Amarillo, he pulled another strong armed robbery, and I submit to you that Richard Don Gill is past rehabilitation and does deserve a long term.

The difficulty with this line of argument is simply that the fact that Gill "blew" his probation opportunity was decided in an unconstitutional proceeding. The very revocation that the prosecutor so dramatically used was illegally obtained. Had only the fact of the underlying conviction been used against Gill, we would be bound by *Mays* to affirm the denial of a writ of habeas corpus. But where the unconstitutional probation proceeding itself was used specifically to obtain a longer sentence for Gill than he otherwise might have been given, the petitioner is entitled to be resentenced without consideration of the prohibited probation revocation. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Barnes v. Estelle*, 518 F.2d 182 (5th Cir. 1975); *Davis v. Wainwright*, 462 F.2d 1354 (5th Cir. 1972); *Ex Parte Olvera*, 489 S.W.2d 586 (Tex.Cr.App.1973); *cf. Mitchell v. United States*, 482 F.2d 289, 297 (5th Cir. 1973).

■ Under certain circumstances, the use of the product of counselless criminal proceedings can be protected under the harmless error rule. *See, e. g., Zilka v. Estelle*, 529 F.2d 388 (5th Cir. 1976); *Webster v. Estelle*, 505 F.2d 926 (5th Cir. 1974), *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975). Here the prosecutor asked for and obtained a jury sentence of 25 years. Where the unconstitutional proceeding was directly used for the purpose of securing an increased sentence, the error cannot be harmless. *See Thomas v. Savage*, 513 F.2d 536 (5th Cir. 1975). This principle logically follows from the rule that an unconstitutional conviction cannot be used for enhancement under habitual criminal statutes. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

■ The Texas court held that Gill waived his rights by failing to object to Exhibit No. 3, which included the judgment granting probation, revocation judgment and sentence, when it was offered into evidence. *Ex Parte Gill*, 509 S.W.2d 357, 359 (Tex.Cr.App.1974). However such failure might affect rights under Texas law, there was no valid waiver of the constitutional right upon which this decision turns. The Supreme Court has long recognized the special nature of waiver of constitutional rights for purposes of habeas corpus proceedings. *See, e. g., Henry v. Mississippi*, 379 U.S. 443, 452, 85 S.Ct. 564, 569, 13 L.Ed.2d 408, 415 (1965); *Fay v. Noia*, 372 U.S. 391, 438–440, 83 S.Ct. 822, 848–849, 9 L.Ed.2d 837, 868–870 (1963); *Townsend v. Sain*, 372 U.S. 293, 311–312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). A deliberate waiver is normally required, and it does not appear that petitioner acquiesced in "[a]n intentional relinquishment or abandonment of a known right or privilege." *Black v. Beto*, 382 F.2d 758, 760 (5th Cir. 1967), *quoting Johnson v. Zerbst, supra*, 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466. Petitioner objected to Exhibit No. 3 on other grounds and we do not think that he waived a constitutional objection to the use of the revoked probation.

We reverse and remand to the district court with directions that the state be given a reasonable amount of time to resentence Gill according to procedures allowed by Texas law, absent which Gill must be released.

REVERSED AND REMANDED WITH DIRECTIONS.