Joe Wayne LANGSTON,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 76–2941
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1977.
As Modified Jan. 25, 1977.
Rehearing and Rehearing En Banc Denied
Feb. 9, 1977.

Stanley G. Schneider, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Richel Rivers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Joe Wayne Langston, appellant, is serving a life sentence as a result of a 1966 Texas conviction for murder with malice. He seeks a writ of habeas corpus, complaining that evidence of a "void conviction" and products of an invalid 1962 probation revocation were used to impeach his testimony at trial.

Langston testified on his own behalf at the murder trial. He asserted that his killing of the victim was in self defense. The prosecutor cross-examined:

"Q   You are the same Joe Wayne Langston that on January the 30th, 1962, that pled guilty to the offense of passing a forged instrument and

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

forging the instrument and was given five years in the Texas State pen; you are that same Joe Wayne Langston, aren't you?

"A   I am.

"Q   And that was on January the 30th, 1962—You didn't spend five years down there did you, Joe Wayne?

"A   I spent nineteen months down there.

"Q   You spent nineteen months and you were given five years, so that a convicted forger and a convicted thief and you were too good to burn the house down, is that right?

"A   That's right."

In fact, Langston pled guilty to forgery in 1958 and received five years' probation in lieu of confinement. On January 12, 1962, that probation was revoked. The Texas Court of Criminal Appeals later granted relief from the probation revocation because Langston was not represented by counsel at the revocation hearing. *Ex Parte Langston*, Tex.Cr.App., 1974, 511 S.W.2d 936.

■ In the Texas courts and in the district court appellant[1] urged that the use of the conviction and products of the probation revocation is constitutionally infirm under the *Gideon*[2]*-Burgett*[3]*-Loper*[4] doctrine and, therefore, cannot be used to impeach his testimony. This doctrine holds that the use of uncounseled *convictions* to impeach a defendant's credibility—and thereby support evidence of guilt—raises a claim of denial of due process. In this case, however, it is not contended that Langston was unrepresented at the conviction, but rather that he was unrepresented at the time of the revocation of a probated sentence. The impairment of appellant's

rights at the probation revocation hearing does not, at least in this context, invalidate the use of the underlying conviction. *See Mays v. Estelle*, 5 Cir. 1974, 505 F.2d 116; *Gutierrez v. Estelle*, 5 Cir. 1973, 474 F.2d 899.

■ The nineteen months Langston served in prison as a result of the invalid probation revocation was also referred to by the prosecutor. In *Gill v. Estelle*, 5 Cir. 1976, 530 F.2d 1152,[5] we said that "[c]onstitutional law clearly requires that counsel be afforded to a defendant in a probation revocation proceeding." The prosecutor there referred constantly to the earlier probation revocation: that defendant "had been given his chance, that he [defendant] 'blew' it, and that he should be put away for a long time" 530 F.2d at 1154–55. This use of the uncounseled revocation of probation as evidence at the punishment stage of the trial reached "constitutional proportions". In our case, however, the fact of incarceration, introduced for the purpose of impeachment, was mentioned only once, and was insignificantly damaging in light of the other telling impeaching evidence. Therefore even if the reference to incarceration is improper in light of our reasoning in *Gill,* this is a case where "the use of the product of counselless criminal proceedings can be protected under the harmless error rule", 530 at 1155. *See, e. g., Zilka v. Estelle*, 5 Cir. 1976, 529 F.2d 388; *Webster v. Estelle*, 5 Cir. 1974, 505 F.2d 926, *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975).

AFFIRMED.

---

1.  Under the Texas Code of Criminal Procedure § 38.29, no evidence of a conviction from which a sentence of probation has been completed may be used to impeach a witness's credibility. Appellant indirectly contends that the effect of a void probation revocation is the same as completed probation. Therefore, he asserts, it was error for the prosecutor to bring out the forgery conviction. In light of our disposition, we need not reach this issue of state evidence law.

2.  *Gideon v. Wainwright*, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

3.  *Burgett v. Texas*, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

4.  *Loper v. Beto*, 1972, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374.

5.  As modified in *Gill v. Estelle*, 5 Cir. 1977, 544 F.2d 1336.