Reggie C. MADELEY,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 78–2569.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1979.

Coyt Randal Johnston, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, HILL and VANCE, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Reggie C. Madeley, petitioner, was convicted of burglary in Texas state court. Pursuant to a predecessor version of Tex. Penal Code Ann. tit. 3, § 12.42(d) (Vernon 1974), his sentence was mandatorily set at

life imprisonment by reason of his having two or more prior felony convictions. Petitioner now claims, by way of federal habeas corpus, 28 U.S.C. § 2254 (1976), that his sentence was unconstitutionally imposed because one of the prior convictions [hereinafter the "1966 conviction"] used for enhancement purposes was void for lack of effective assistance of counsel. *Cf. Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The trial court rejected this claim on the merits, finding that the 1966 conviction was valid. Without expressing any opinion as to the correctness of the trial court's decision, we reverse on the authority of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

 At the sentencing portion of petitioner's burglary trial, petitioner was represented by counsel. The 1966 conviction was put in evidence without objection on the grounds advanced here. As a matter of Texas law, the failure to object constituted a waiver. *See, e. g., Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.1976); *Boss v. State,* 489 S.W.2d 580 (Tex.Cr.App.1972). Respondent consistently has argued that, aside from the merits, petitioner is entitled to no relief because of the state law waiver. The trial court found it unnecessary to consider respondent's procedural argument, in light of its decision on the merits. This, we think, put the cart before the horse.

After *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), procedural defaults of the sort here involved bar federal habeas review of the merits, absent a showing of "cause" for and "prejudice" by the default. Plainly, this requires that the state procedural ground be analyzed in advance of the merits. We observe, for example, that petitioner's burglary indictment alleged four prior felonies, any two of which—if valid—would have sufficed to require imposition of the mandatory life sentence. Thus, even if the 1966

conviction had been determined to be invalid, its introduction in evidence may have been harmless error, *see, e. g., Barnes v. Estelle,* 518 F.2d 182 (5th Cir. 1975), *cert. denied,* 423 U.S. 1036, 96 S.Ct. 571, 46 L.Ed.2d 410 (1976); *Webster v. Estelle,* 505 F.2d 926 (5th Cir.), *cert. denied,* 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975), and hence not "prejudicial" within the meaning of *Wainwright.* The trial court should not, in short, have reached the merits without first considering, in light of *Wainwright,* the effect of petitioner's failure to object to the introduction of the 1966 conviction.[1] In order that this issue be resolved by the District Court, the judgment is

VACATED and REMANDED.

---

1. While the trial court would have been justified, despite *Wainwright,* in reaching the merits had the Texas courts denied habeas relief solely on constitutional grounds, *see Cannon v. Alabama,* 558 F.2d 1211, 1216 n.12 (5th Cir. 1977),

*cert. denied,* 434 U.S. 1087, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), its opinion reflects no such rationale, and the record is silent on the question. On remand, however, the trial court will be free to follow *Cannon* if the facts justify it.