John Edward TWEEDY, Appellant,

v.

The STATE of Texas, State.

No. 2–81–359–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 2, 1983.

Law Offices of Don Gladden and Janette R. Hinrichs, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Victoria Fay Prescott, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from a conviction for aggravated robbery with a deadly weapon. Punishment was assessed by the jury at 25 years confinement in the Texas Department of Corrections.

We affirm.

■ Appellant, John Edward Tweedy, raises three grounds of error, the first being that the trial court erred in denying his motion in limine and in allowing the State to introduce evidence relative to a prior arrest, inasmuch as that offense had not resulted in a final conviction but was on appeal at that time. The record reflects in a hearing outside the presence of the jury that Tweedy was serving a five year probated sentence on what is commonly known as "shock" probation. Tweedy's probation was revoked in February, 1981, and he was sentenced to five years in the Texas Department of Corrections. He appealed the revocation of his probation.

In the instant case, during the punishment stage of the trial, the State introduced into evidence Tweedy's "pen packet" and offered evidence concerning Tweedy's "shock" probation by testimony of an Assistant District Attorney and appellant's probation officer.

However, State's testimony was restricted to the fact that Tweedy was sent to the penitentiary for "approximately 100 days" and then placed on probation. There is no mention in the record that Tweedy appealed his 1980 burglary conviction. In 1981, his "shock" probation was revoked and appeal was perfected. It is important to note that the jury was not informed by the State that Tweedy: 1) did not appeal his 1980

burglary conviction; 2) that Tweedy's 1980 probation was revoked; or that, 3) Tweedy appealed his revocation of the 1980 probation.

In "shock" probation, we must refer to V.A.C.C.P. art. 42.12, § 3e(a) wherein the statute states in part that: "confinement in the Texas Department of Corrections is imposed for conviction (of a felony) shall continue for 180 days from the date the *execution* of the sentence actually begins." [Emphasis added.]

Additional language of the section gives the trial court power to suspend further execution of the sentence imposed and place the defendant on probation.

The probation was not admitted for purposes of enhancement but introduced as evidence of Tweedy's prior criminal record. *Gaines v. State,* 479 S.W.2d 678 (Tex.Cr. App.1972). "[E]vidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, *or a probated* or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." [Emphasis added.] V.A.C.C.P. art. 37.07, § 3(a). Texas courts have interpreted this statute as meaning any probated sentence which has occurred prior to trial may be known by the judge or the jury before assessing punishment whether or not the probation was successfully completed. *Glenn v. State,* 442 S.W.2d 360 (Tex.Cr.App.1969); *Gill v. Estelle,* 530 F.2d 1152 (5th Cir.1976) *cert. denied,* 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239; *Mays v. Estelle,* 505 F.2d 116 (5th Cir.1974).

Whether or not Tweedy successfully completed the terms of his probation is not controlling. *Valley v. State,* 448 S.W.2d 474 (Tex.Cr.App.1969). Evidence of Tweedy's "shock" probation is admissible at the punishment phase of the trial.

Tweedy's first ground of error is overruled.

■ Tweedy's second ground of error asserts that the trial court erred in denying his motion to quash the indictment for the reason that the indictment fails to state an essential element of the offense of aggravated robbery with a deadly weapon, in that nowhere is it alleged that Tweedy committed theft "without the owner's effective consent." We hold that an indictment for robbery need not allege the elements of theft. *Davis v. State,* 532 S.W.2d 626 (Tex. Cr.App.1976); *McWherter v. State,* 607 S.W.2d 531 (Tex.Cr.App.1980).

Tweedy's second ground of error is overruled.

■ Tweedy's third ground of error asserts that there is insufficient evidence to support his conviction because the indictment only mentions one injured party and the evidence failed to show that he was in the course of committing theft of property from this person.

We hold that there was sufficient evidence to support a conviction.

■ The victim of a theft or attempted theft and the victim of the robbery need not be the same person nor is theft a prerequisite to commission of a robbery. *Earl v. State,* 514 S.W.2d 273 (Tex.Cr.App.1974).

■ The elements of aggravated robbery without actual injury are that "1) a person 2) in the course of committing theft 3) with the intent to obtain or maintain control of property 4) intentionally or knowingly 5) threatens another with, or places another in fear of 6) imminent bodily injury or death and 7) uses or exhibits 8) a deadly weapon." *Bilbrey v. State,* 594 S.W.2d 754, 759 (Tex. Cr.App.1980). The elements of theft or attempted theft need only be proven at trial. *Earl v. State,* 514 S.W.2d 273 (Tex.Cr.App. 1974).

We hold that the evidence is sufficient to support a conviction and that the indictment properly alleged aggravated robbery.

Tweedy's third ground of error is overruled.

The judgment is affirmed.