

# IN THE
## TENTH COURT OF APPEALS

### No. 10-08-00130-CR

**MARCUS ANTHONY WILSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 07-00049-CRF-272

## MEMORANDUM OPINION

Wilson appeals his convictions for sexual assault and for burglary of a habitation with intent to commit sexual assault. *See* TEX. PENAL CODE ANN. § 22.011(a), (f) (Vernon Supp. 2008), § 30.02(a), (d) (Vernon 2003). We affirm.

*Plea.* In Wilson's first two issues, he complains concerning his plea of nolo contendere. "[T]he legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned." *Young v. State,* 8 S.W.3d 656, 664 (Tex. Crim. App. 2000) (quoting *Chavarria v. State,* 425 S.W.2d 822, 823 (Tex. Crim. App. 1968)); *accord Aguillar v. State,* 170 Tex. Crim. 189, 190, 339 S.W.2d 898, 898 (1960).

*Statutory Admonishments.* In Wilson's first issue, he complains that the trial court failed to admonish Wilson pursuant to Texas Code of Criminal Procedure Article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2008). Article 26.13 requires, in relevant part:

> Prior to accepting a . . . plea of nolo contendere, the court shall admonish the defendant of:
>
> (1) the range of the punishment attached to the offense;
>
> . . . .
>
> (4) the fact that if the defendant is not a citizen of the United States, a plea of . . . nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law; [and]
>
> (5) the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter . . .
>
> . . . .

TEX. CODE CRIM. PROC. ANN. art. 26.13(a); *see* TEX. CODE CRIM. PROC. ANN. arts. 62.001-62.405 (Vernon 2006 & Supp. 2008).

Wilson argues that the trial court failed to admonish him on the range of punishment, and on the deportation, exclusion, and naturalization and sex-offender–registration consequences of Wilson's plea.

As to Article 26.13(a)(5) and the admonishment on sex-offender registration requirements, Wilson's complaint is not cognizable. Code of Criminal Procedure Article 26.13(h) provides, "The failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea." TEX. CODE CRIM. PROC. ANN. art. 26.13(h)*.* Article 26.13(h) means what it says. *See James v. State,*

258 S.W.3d 315, 317-318 (Tex. App.—Austin July 2, 2008, no pet.); *Standifer v. State*, Nos. 05-06-00078-CR & 05-06-00079-CR, 2006 Tex. App. LEXIS 9358, at *7 (Tex. App.—Dallas Oct. 30, 2006, no pet.) (not designated for publication).

As to the sex-offender registration consequences, Wilson thus does not show error. Otherwise, the State concedes that the trial court erred.[1] We assume without deciding that the trial court failed to admonish Wilson pursuant to Code of Criminal Procedure Article 26.13(a), Subsections 1 and 4, and thus erred.

"When there is insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of Article 26.13 comes within the" harmless-error "standard of Rule of Appellate Procedure 44.2(b): 'Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006) (quoting Tex. R. App. P. 44.2(b)) (alteration in *Anderson*); *accord Aguirre-Mata v. State*, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999); *see* Tex. Code Crim. Proc. Ann. art. 26.13; Tex. R. App. P. 44.2(b); *Bessey v. State*, 239 S.W.3d 809, 813-14 (Tex. Crim. App. 2007). "[T]he critical question is, '[C]onsidering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have

---

[1] "A defendant's right to be properly admonished is a waivable-only right." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007); *see Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993); Tex. R. App. P. 33.1(a). A "waivable right" is a "right[] of litigants which must be implemented by the system unless expressly waived." *Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (quoting *Marin* at 279) (alteration added); *accord State v. Moore*, 225 S.W.3d 556, 567 (Tex. Crim. App. 2007). The State does not contend that Wilson affirmatively waived his admonishment rights. We assume without deciding that Wilson preserved his complaint for appellate review.

changed had the court admonished him?'" *Vannortrick v. State,* 227 S.W.3d 706, 709 (Tex. Crim. App. 2007) (quoting *Anderson* at 919) (1st alteration added).

As to Article 26.13(a)(1) and the admonishment on the range of punishment, Wilson concedes that any error was harmless. An appellant suffers no harm from the trial court's failure to admonish on the range of punishment where the appellant heard the venire panel examined on the punishment range. *Gamble v. State,* 199 S.W.2d 619, 622 (Tex. App.—Waco 2006, order), *disp. on merits,* No. 10-05-00044-CR, 2007 Tex. App. LEXIS 5876, at *2-3 (Tex. App.—Waco July 25, 2007, pet. ref'd) (not designated for publication) (mem. op.); *Rachuig v. State,* 972 S.W.2d 170, 176 (Tex. App.—Waco 1998, pet. ref'd); *Slaughter v. State,* No. 2-07-050-CR, 2007 Tex. App. LEXIS 8452, at *16 (Tex. App.—Fort Worth Oct. 25, 2007, no pet.) (not designated for publication) (mem. op.); *cf. Aguirre-Mata,* 125 S.W.3d 473, 476-77 (Tex. Crim. App. 2003) ("The record contains references to the correct punishment range . . . ."). Here, for example, the State examined the venire panel in Wilson's presence as follows:

> The punishment range in this case is: It's a 1st degree felony, it's a huge punishment range.
> The way it reads in the Penal Code, if a person is found guilty of a 1st degree felony, the punishment range is not less than 5 years or more than 99 years or life in Institutional Division of the Texas Department of Criminal Justice.
> It's a huge range, 5 to 99. And also up to a $10,000 fine. And then you can extend the range further.
> Probation is a possibility if the person is eligible.

(3 R.R. at 34); *see* TEX. PENAL CODE ANN. § 12.32 (Vernon 2003).

As to Article 26.13(a)(4) and the admonishment on the deportation, admission, and naturalization consequences of Wilson's plea, the State argues that the trial court's

failure to admonish Wilson was harmless. "[W]hen the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error"; "such a defendant is not subject to deportation." *Vannortrick,* 227 S.W.3d at 709; *see generally* 8 U.S.C.S. §§ 1101-1537 (1997-2007 & Supp. 2008). Where there is evidence that the defendant was born in the United States, and evidence that the defendant has lived in the United States "a long time," the record does affirmatively show that the defendant is a citizen of the United States. *Gamble,* 2007 Tex. App. LEXIS 5876, at *2-3. The State points to evidence that Wilson's "mother testified that [he] was born in Bryan, Texas and had lived in the Brazos Valley his entire life." (Br. at 30 (citing 5 R.R. 152).) Wilson thus suffered no harm from the trial court's failure to admonish him on the immigration and naturalization consequences of the plea.

CONCLUSION. Wilson does not show harmful error from failure by the trial court to give Wilson statutory admonishments. We overrule Wilson's first issue.

*Due Process.* In Wilson's second issue, he complains under due process.[2] Wilson argues primarily under *Boykin v. Alabama. See Boykin v. Alabama,* 395 U.S. 238, 243 (1969).

---

[2] In Wilson's second issue, he contends that the trial court failed to make the same statutory admonishments as Wilson complained about in Wilson's first issue, but Wilson now attributes constitutional error to that failure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. "The Article 26.13 admonitions, however, are not themselves constitutionally required." *Vannortrick,* 227 S.W.3d at 708. We consider the matter further below.

The Fourteenth-Amendment Due-Process Clause provides,

No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . .

U.S. CONST. amend. XIV, § 1. "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *Unites States v. Ruiz,* 536 U.S. 622, 628 (2002) (citing *Boykin,* 395 U.S. at 243). *Boykin* holds, "It [i]s error, plain on the face of the record, for the trial judge to accept [a] petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin* at 242. "Given the seriousness of the matter, the" Due-Process Clause "insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz,* 536 U.S. at 629 (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)) (alterations in *Ruiz*); *see Parke v. Raley,* 506 U.S. 20, 28-29 (1992); *Marshall v. Lonberger,* 459 U.S. 422 (1983); *Bordenkircher v. Hayes,* 434 U.S. 357 (1978); *Anderson,* 182 S.W.2d at 917-18. "The standard . . . remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Raley,* 506 U.S. at 29 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)).

The due-process "constitutional standard does not require a court to admonish a guilty-pleading defendant 'about every possible consequence of his plea, direct or collateral, only about those direct consequences that are punitive in nature.'" *Anderson,* 182 S.W.3d at 918 (quoting *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)).

"Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences." *State v. Jimenez,* 987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). "A consequence has been defined as 'direct' where it is 'definite, immediate, and largely automatic.'" *Id.* at 888 n.5 (quoting *United States v. Kikuyama,* 109 F.3d 536, 537 (9th Cir. 1997)). "It will not be rendered involuntary by lack of knowledge as to some collateral consequence." *Jimenez,* 987 S.W.2d at 888 (citing, *e.g., United States v. Campbell,* 778 F.2d 764, 767 (11th Cir. 1985)). "A consequence has been defined as 'collateral' where 'it lies within the discretion of the court whether to impose it,' or where 'its imposition is controlled by an agency which operates beyond the direct authority of the trial judge.'" *Jimenez,* 987 S.W.2d at 888 n.6 (quoting *Kikuyama,* 109 F.3d at 537; *Beagen v. State,* 705 A.2d 173, 175 (R.I. 1998)).

"[T]he failure to admonish [an] appellant as to a direct, non-punitive consequence of his plea . . . d[oes] not violate due process or render his plea involuntary." *Anderson,* 182 S.W.3d at 918 (quoting *Mitschke,* 129 S.W.3d at 136) (alterations added).

"*Boykin* clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments . . . ." *Aguirre-Mata,* 125 S.W.3d at 475 (citing *McCarthy v. United States,* 394 U.S. 459 (1969)); *see Boykin,* 395 U.S. 238; TEX. CODE CRIM. PROC. ANN. art. 26.13(a).

"That a guilty plea may result in deportation is generally considered a collateral consequence." *Jimenez,* 987 S.W.2d at 888-89 (citing, *e.g., United States v. Campbell,* 778 F.2d 764, 767 (11th Cir. 1985)). "Deportation is considered a collateral consequence

because 'it is a result peculiar to the individual's personal circumstances and one not within the control of the court system.'" *Id.* at 889 n.7 (quoting, *e.g., People v. Ford,* 657 N.E.2d 265, 268 (N.Y. 1995)). An admonishment on collateral deportation consequences is not constitutionally required, and the failure so to admonish does not render a plea constitutionally involuntary. *See Jimenez,* 987 S.W.2d at 889.

Moreover, "*Boykin* clearly did not hold that due process requires . . . an admonishment on the range of punishment." *Aguirre-Mata,* 125 S.W.3d at 475; *see Boykin,* 395 U.S. 238.

Sex-offender registration, too, though a direct consequence of guilty plea, is a non-punitive consequence. *Bessey,* 239 S.W.3d at 812 n.3; *Anderson,* 182 S.W.3d at 918; *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). Accordingly, "[F]ailure to admonish an appellant as to the sex offender registration requirement does not render his plea involuntary." *Bessey* at 812 n.3 (citing *Anderson* at 918); *accord Mitschke* at 136.

CONCLUSION. Wilson does not show harmful constitutional error from the trial court's admonishments to Wilson on the consequences of Wilson's plea. We overrule Wilson's second issue.

*Evidence.* In Wilson's third issue, he complains of evidence admitted in the punishment phase of trial.[3]

"[A] trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion." *Ramos v. State,* 245 S.W.3d 410, 417 (Tex. Crim. App. 2008) (citing

---

[3] We assume without deciding that Wilson's issue is adequately briefed. *See* TEX. R. APP. P. 38.1(h); *e.g., Russeau v. State,* 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *Mosley v. State,* 983 S.W.2d 246, 259 (Tex. Crim. App. 1998).

*State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)); *accord Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Montgomery v. State,* 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1991) (op. on reh'g). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008) (citing *Hinojosa v. State,* 4 S.W.3d 240, 250-51 (Tex. Crim. App. 1999)); *accord Montgomery* at 394 (op. on reh'g).

Wilson complains of the admission of evidence that he "had left a note containing his name, jail address, the date and the words 'write me' in the secured part of the" courthouse inmate holding area, namely in the women's room, during trial. (Br. at 15.) Wilson objected that the evidence was irrelevant and unfairly prejudicial.

*Relevance.* Wilson argues, first, that the evidence was irrelevant pursuant to the Texas Rules of Evidence. *See* TEX. R. EVID. 401-402. The Texas Code of Criminal Procedure governs over the Rules of Evidence. *Id.* 101(c). Code of Criminal Procedure "Article 37.07, § 3(a), governs the admissibility of evidence during the punishment stage of a non-capital criminal trial." *McGee v. State,* 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (citing *Erazo v. State,* 144 S.W.3d 487, 491 (Tex. Crim. App. 2004)); *accord Valley v. State,* 448 S.W.2d 474, 475 (Tex. Crim. App. 1969); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 2008). Pursuant to the Code of Criminal Procedure, in the punishment phase of trial, "evidence may be offered by the state . . . as to any matter the court deems relevant to sentencing, including but not limited to . . . any . . . evidence of an extraneous crime or bad act . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1)

(Vernon Supp. 2008). Rule of Evidence 401's definition of relevance is only "'helpful' to determine relevancy under Section 3(a)." *Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006) (citing *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)); *see* TEX. R. EVID. 401.

"[T]he admissibility of evidence at the punishment phase of a non-capital felony offense" trial "is" really "a function of policy rather than relevance." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006); *accord Miller-El v. State,* 782 S.W.2d 892, 894-95 (Tex. Crim. App. 1990); *Rogers,* 991 S.W.2d at 265; *Murphy v. State,* 777 S.W.2d 44, 63 (Tex. Crim. App. 1988). "Evidence is 'relevant to sentencing,' within the meaning of" Article 37.07, Section 3(a), "if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.'" *McGee,* 233 S.W.3d at 318 (quoting *Rodriguez* at 842); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a).

The State argued, and argues on appeal, that the evidence was relevant "to rebut [Wilson]'s argument that the appropriate punishment for his crime was probation." (Br. at 48-49.) Wilson had filed an application for community supervision, and had raised community supervision before the jury by examining the venire panel on it. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02(7) (Vernon 2006), art. 37.07, § 2(b) (Vernon Supp. 2008). Wilson argues, "The evidence was not relevant because there was nothing to show having or distributing solicitations for someone to write to appellant violated any jail rule." (Br. at 15.) The State points primarily to the following evidence. A sheriff's deputy testified that the note constituted "contraband." "Contraband" means "[g]oods

that are unlawful to . . . possess."  BLACK'S LAW DICTIONARY  341 (Bryan A. Garner ed., 8th ed. 2004).  When the contraband was found in the women's room, jailers were selecting inmates to transport to court.  Jailers had to delay that process until they could determine the source of the contraband.

The trial court did not abuse its discretion in finding that the evidence was helpful to the jury in assessing Wilson's punishment, and thus overruling Wilson's relevance objection.

*Prejudice.*  Next, Wilson argues that the evidence was unfairly prejudicial.

Texas Rule of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  TEX. R. EVID. 403.  "[T]he use of the word 'may' reflects the draftsman's intent 'that the trial judge be given a very substantial discretion in "balancing" probative value on the one hand and "unfair prejudice" on the other, and that he should not be reversed simply because an appellate court believes that it would have decided the matter otherwise.'"  *Manning v. State,* 114 S.W.3d 922, 926 (Tex. Crim. App. 2003) (quoting *Montgomery,* 810 S.W.2d at 379 (op. on orig. submission)); *see State v. Mechler,* 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

"Rule 403 creates a presumption of admissibility of all relevant evidence and authorizes a trial judge to exclude such evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'"  *Mozon v. State,* 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); *accord Gallo v. State,* 239

S.W.3d 757, 762 (Tex. Crim. App. 2007); *see Montgomery,* 810 S.W.2d at 388-89 (op. on orig. submission).

"'Unfair prejudice' does not, of course, mean that the evidence injures the opponent's case—the central point of offering evidence. Rather it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Rogers,* 991 S.W.2d at 266 (quoting *Cohn v. State,* 549 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

> [A] Rule 403 analysis should include, but is not limited to, the following factors:
> (1) how probative the evidence is;
> (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way;
> (3) the time the proponent needs to develop the evidence; and
> (4) the proponent's need for the evidence.

*Shuffield v. State,* 189 S.W.3d 782, 787 (Tex. Crim. App. 2006) (citing *Montgomery,* 810 S.W.2d at 389-90) (op. on reh'g)); *see also Gigliobianco v. State,* 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *e.g., Gallo,* 239 S.W.3d at 762.

Here, the probative value of the evidence, though not strong, was substantial. The State's main theory of admissibility was that the evidence tended to show Wilson's inability to comply with rules, and thus inability to comply with the conditions of community supervision. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2008). As to prejudicial effect, Wilson argues only, "The error was harmful because the State's closing argument emphasized [his] failure to comply with jail rules." (Br. at 16.) Although the evidence was thus prejudicial to Wilson's case, in proportion

to its probative value, Wilson does not so establish undue prejudice. The time to present the evidence was negligible, about five pages of testimony. As for the State's need for the testimony, other than the evidence of which Wilson complains, the State had stronger evidence of Wilson's inability to comply with jail rules, in the form of testimony that Wilson was involved in fights with other inmates, offered physical resistance to jailers against Wilson's movement from cell to cell within the jail, and stole food. The parties point to no other factors.

Balancing those factors, we cannot say that the trial court abused its discretion in overruling Wilson's objection under Rule 403.

CONCLUSION. We overrule Wilson's third issue.

**CONCLUSION.** Having overruled Wilson's issues, we affirm.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
    (Justice Vance concurs in the judgment with a note) *
Affirmed
Opinion delivered and filed December 17, 2008
Do not publish
[CRPM]


* "(I concur in the judgment with the following observations: 1) Because the right to be properly admonished is a waivable-only right, as footnote 1 correctly notes, preservation of the complaint for appellate review is not an issue. *Marin* specifically notes: "The [preservation] rule does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Thus, the footnote misstates the requirement; 2) the opinion conflates the concepts of error and harm in discussing the failure to admonish on the immigration and naturalization

consequences of the plea (issue one) and the consequences of his plea (issue two); and 3) the opinion says the probative value of the note admitted into evidence (issue three) "though not strong, was substantial." Furthermore, the opinion states that the state "had stronger evidence" of the fact the evidence was intended to prove. Based on the opinion's own analysis, I would hold that the admission of evidence was error, but harmless under this record.)"